**Ralph Michael LEPISCOPO, Appellant,**

v.

**UNITED STATES of America.**

**No. 18229.**

United States Court of Appeals, Third Circuit.

Submitted on Briefs April 20, 1970.

Decided May 19, 1970.

Ralph M. Lepiscopo, pro se.

Garrett E. Brown, Jr., Asst. U. S. Atty., Newark, N. J., for appellee.

Before GANEY, VAN DUSEN and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

The above mentioned defendant, Ralph Michael Lepiscopo was indicted by the Federal Grand Jury for the District of New Jersey, in a two-count indictment charging violations of 18 U.S.C. §§ 2113 (a) and 2113(d) on June 17, 1963, involving armed robbery and the placing of a life in danger with the use of a weapon. The defendant was represented by experienced counsel and upon arraignment pleaded not guilty to both counts and was remanded to jail by reason of his inability to furnish bail. He was tried and convicted by a jury on September 19, 1963, of both offenses and testified on his own behalf over a period covering two days. After each day's trial he was remanded to jail. On the occasions when he took the stand he was within only a few feet of the trial judge and the jury and both had an excellent opportunity to observe his demeanor. At no time during the trial did he ever exhibit to his counsel or the court any evidence of his not being fully competent as he cooperated with his counsel and spoke with clarity and quite coherently throughout his testimony. He appealed his conviction to this court at which time he made no contention that he was not completely competent to stand trial nor was any such evidence disclosed in the great amount of correspondence between the court and him concerning his appeal.

On October 29, 1968, defendant filed a motion to vacate and set aside the sentence which was imposed on him on October 14, 1963, alleging that he was beaten by the Newark Police and could not remember any of the proceedings against him and requested the court to appoint an independent psychiatrist to examine him to determine whether he was insane at the time of trial. The court permitted the defendant to file a supplemental petition to vacate the sentence imposed, which it denied, in that the facts he alleged did not support his claim, but permitted the defendant to file an affidavit of witnesses who might establish the fact of his incompetency at the time of trial.

The defendant then filed a petition under 28 U.S.C. § 2255,[1] and hearing was held thereon, at which time defendant produced the testimony of three fellow prisoners and also again requested a psychiatric examination, which was denied by the court by reason of the fact that three months after his confinement he at-

---

1. This section, in pertinent part, reads as follows: "2255. Federal custody; remedies on motion attacking sentence. A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. * * * "

tempted an escape from prison and a psychiatrist then examined him and was unable to tell whether at the time of trial he was competent or not. In view of this report the court held that since the case was then six years old, it would be futile to have him re-examined by a psychiatrist.

The defendant called three witnesses, who testified that while he was in confinement before trial, he took Seconal pills for sleeping and they saw him with some whiskey and that he seemed to be groggy on one occasion. One witness testified that he had seen Lepiscopo with a black eye.

The defendant had a long record of armed robbery, conspiracy, kidnapping and murder committed over the entire country. Taking the stand, he testified in detail concerning his entire confinement and stated that the Newark Police severely beat him about the head and shoulders and that he was incompetent at the time of trial by reason of both the beating and excessive use of narcotics.

A Special Agent of the F.B.I., a former Deputy United States Marshal and a United States Deputy Marshal all testified that while he was in confinement they saw no evidence of a black eye or a swollen face or any evidence of beatings on his head and he never complained of such, nor at any time did he manifest any abnormal conduct or show any effects of narcotics.

The court after careful consideration of the matter, including all of the testimony of the witnesses at the § 2255 hearing, together with the transcript of the original trial and the court's own trial notes, concluded that his testimony was not credible and that he had not maintained the burden of proof cast upon him and that his contention that he was incompetent, insane or otherwise unable to testify, was unfounded.

The judgment of the district court will be affirmed.